FREDERICK J. BAUMANN, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON, JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, and AUGUST IHLEFELD, JR., Deputy Superintendent of Insurance of the State of New York, in Charge of the Liquidation of CITIZENS TRUST COMPANY OF BINGHAMTON, Respondents. (Action No. 1.) ALBERT C. CROSSLEY, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 2.) NORMAN G. KEISER, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 3.) WILLIAM C. KING, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 4.) BENJAMIN G. KROEHLER, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 5.) JAMES E. TRUITT, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 6.) ARCHIBALD WHITELAW, Appellant, v. CITIZENS TRUST COMPANY OF BINGHAMPTON and Others, Respondents. (Action No. 7.) FRANK J. MANGAN and Others, a Copartnership Doing Business under the Firm Name of MANGAN & MANGAN, Appellants, v. CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 8.) — Motion in behalf of the respective plaintiffs for reargument. [See *ante*, p. 9.] The plaintiffs point out numerous instances wherein they assert that the court misapprehended the facts and the law. We confine our discussion to only one of the reasons advanced for the requested reargument. Upon the appeal the brief in behalf of the copartnership of Mangan & Mangan suggested that in case of the payment of the depositors in full and a surplus remaining for distribution the contributing

stockholders should have priority in such fund over non-contributing stockholders, and this court adopted that view. The case of *Broderick* v. *Bevilacqua* [247 App. Div. 599], decided May 13, 1936, was not called to the attention of the court. In that case it was held that a stockholder in a defunct bank is entitled to set off against his statutory liability the amount which he contributed prior to the bank's insolvency to secure depositors, the agreement in that case being similar to the agreement between the plaintiffs and the bank herein. The appellants now urge that our decision is not broad enough to preserve to the plaintiffs the right, if any, to claim a set-off of their contributions in any action or proceeding brought against them to recover on their statutory liability as stockholders or otherwise, and that they are fearful that the decision which was handed down herein may be construed as depriving them of permission hereafter to assert such alleged rights. A reargument should be granted as to the question indicated. Motion for reargument granted as to the question indicated. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

